IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv567-3-W

| | |
|---|---|
| JORGE ROMERO-ALARCON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion for Leave to Conduct Discovery" (Document No. 4); and Petitioner's "Motion to Defer Consideration of Summary Judgment Until Ruling on Pending Motion for Discovery and Subsequent Receipt of Petitioner's Reply" (Doc. No. 11). In his motion for discovery, Petitioner seeks copies of any proposed plea agreements or records of communications concerning plea negotiations between the Assistant United States Attorney and his counsel, Calvin Coleman; any written policy from the United States Attorney's Office regarding conditional pleas; and any notes, phone messages, calendar entries or other memorializations relating to plea negotiations between his counsel and the Assistant United States Attorney.

On January 8, 2009, this Court deferred its ruling on Petitioner's motion until after such time as the United States files a response to Petitioner's Motion to Vacate. (Doc. No. 5.) The United States has now filed its Answer together with a Motion for Summary Judgment. (Doc. Nos. 8 and 9.) The Motion for Summary Judgment is supported by an affidavit from Petitioner's

trial counsel along with copies of correspondence between trial counsel and the government concerning plea negotiations, three different plea agreements; notes from a "jail interview" with Petitioner and interpreter Jenny Griffith on March 28, 2005; and documents between Petitioner and his trial attorney discussing the government's January 21, 2005 plea offer which contains trial counsel's advice to Petitioner regarding the possible sentence he could face and Petitioner's response to trial counsel advice, handwritten at the bottom through the interpreter.

Generally, habeas petitioners have no right to automatic discovery. Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Pursuant to Habeas Rule 6(a) a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal habeas corpus proceeding. Discovery is extremely limited in such proceedings. See Bracy v. Gramley, 520 U.S. 899 (1997). Rule 6 allows discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Id. at 908-90 (1997) The burden of demonstrating the materiality of the information is on the moving party, Stanford, 266 F.3d at 460, and Rule 6 does not "sanction fishing expeditions based on conclusory allegations. Williams v. Bagley, 380 F.3d 932 (6th Cir. 2004).

The Court has reviewed the documents filed in support of the Motion for Summary Judgment and notes that they are substantially responsive to the issues raised in Petitioner's Motion to Vacate and in large part are responsive to the documents Petitioner was requesting in his motion for discovery. Therefore, Petitioner's Motion for leave to Conduct Discovery is DENIED and Petitioner's Motion to Defer Consideration of Summary Judgment is DENIED. By Order dated February 18, 2009, Petitioner was directed to file a response to the Government's

Motion for Summary Judgment. (Doc. No. 10.) Such response was due March 18, 2009. In light of Petitioner's Motion to Defer Consideration of Summary Judgment, the Court will allow Petitioner an additional twenty days from the date of this Order to file a response to the Government's Motion for Summary Judgment. <u>Petitioner's failure to respond may result in granting summary judgment to Respondent, that is, the dismissal of the Motion to Vacate with prejudice.</u>

      **IT IS HEREBY ORDERED** that:

(1)    Petitioner's Motion for Leave to Conduct Discovery (Doc. No. 4) is DENIED;

**(2)**    Petitioner's Motion to Defer Consideration of Summary Judgment (Doc. No. 11) is DENIED;

(3)    Petitioner may file a response to the Government's Motion for Summary Judgment within twenty (20) days of the date of this Order.

**SO ORDERED**.

Signed: March 19, 2009

Frank D. Whitney
United States District Judge