IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv567
(3:04cr8)

| | |
|---|---|
| JORGE ROMERO-ALARCON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on December 10, 2008 (Doc. No. 1); the Government's Response and Motion for Summary Judgment filed February 17, 2009 (Doc. Nos. 8 and 9); and Petitioner's response in Opposition filed on April 8, 2009 (Doc. No. 13.) For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

I. PROCEDURAL HISTORY

On January 30, 2004, Petitioner was charged in five counts of a six-count Bill of Indictment. (Case No. 3:04cr8, Doc. No. 10: Bill of Indictment.) On June 28, 2004, the Grand Jury returned a Superseding Bill of Indictment charging Petitioner with conspiracy to possess with intent to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. § 846, 841, possession with intent to distribute 5 or more kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), possession of a firearm by an illegal alien in violation of 18 U.S.C. §

1

922(g)(5)(A), and illegal reentry after deportation in violation of U.S.C. § 1326(a) and (b)(2). (Id., Doc. No. 48: Superseding Bill of Indictment.)

On March 25, 2004, Petitioner filed a motion to suppress evidence. (Id., Doc. No. 33: Motion to Suppress.) On April 27, 2004, Magistrate Judge Horn recommended the granting of Petitioner's motion to suppress. (Id., Doc. No. 41: Memorandum and Recommendation.) However, on October 8, 2004, United States District Court Judge McKnight denied the motion to suppress. (Id., Doc. No. 62: Order.) Shortly thereafter, the case was continued from the November 2004 trial term to the April 2005 trial term. (Id., Doc. No. 63: Order.)

In the months preceding the April trial term, trial counsel negotiated several plea agreements with the Government. Petitioner refused each plea offer. (Calvin Coleman Aff., Doc. No. 8-9.) On April 11, 2005, trial began before the Honorable James C. Cacheris, U.S. District Judge for the Eastern District of Virginia. On the second day of trial, Petitioner accepted the Government's offer to plead guilty to Counts One and Six. In exchange for Petitioner's guilty plea and his waiver of the right to appeal the suppression issue, the Government agreed to dismiss Counts Two, Three and Five. Judge Cacheris conducted the Plea and Rule 11 Hearing, finding that Petitioner's plea was knowing and voluntary. (Plea and Rule 11 Transcript at 18.) On July 26, 2006,Petitioner was sentenced by the Honorable Richard Voorhees to 168 months imprisonment on Count One and 24 months imprisonment on Count Six to run concurrently. (Case No. 3:04cr8, Doc. No. 97: Judgment.) On August 31, 2006 the case was reassigned to the undersigned.

Petitioner filed a timely notice of appeal. (Id., Doc. No. 100: Notice of Appeal.) On Appeal, Petitioner challenged the district court's denial of the suppression motion. On September 20, 2007 the Fourth Circuit granted the Government's motion to dismiss the appeal. (Id., Doc. No. 121: Order

of the USCA.)

On December 10, 2008, Petitioner filed the instant Motion to Vacate in which he contends that his trial and appellate counsel were ineffective.

II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief.  If the motion is not dismissed after that initial review, the court must direct the government to respond. Id.  The court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a).  Following such review, it is clear to the Court that Petitioner is entitled to no relief on his claims; thus a hearing is not required.  Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Ineffective Assistance of Counsel of Trial Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation.  Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions."  Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456

U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Critically, because some of Petitioner's claims are attempting to challenge issues at sentencing, in order to demonstrate an entitlement to relief on those, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). As to Petitioner's claim regarding pre-sentencing issues, the Court will use the appropriate standard for establishing prejudice in the plea context. In that instance, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotations omitted).

Petitioner first contends that his trial counsel, Calvin Coleman, failed to secure a conditional plea. According to Petitioner, the Government was dolling out conditional plea agreements but trial counsel was "too overworked to accurately determine the requirements for a conditional plea." (Memo at 1.) In his affidavit, Mr. Coleman stated that he specifically advised Petitioner about each of the Government's proposed plea offers through an interpreter. Regarding the first plea offer,

4

"[t]he plea agreement was presented to [Petitioner] and he was made aware that if he accepted the plea agreement he would waive his right to appeal except for ineffective assistance of counsel, prosecutorial misconduct or certain miscalculations in determining his sentence pursuant to guidelines." (Ex. 8.) Regarding the Government's second plea offer, Petitioner was again advised that by accepting the plea he would waive his right to appeal except for ineffective assistance of counsel, prosecutorial misconduct or certain miscalculations in determining his sentence pursuant to guidelines." (Ex. 8.) With regard to the Government's offer to plead to only Count one, "[w]hile counsel did not specifically tell [Petitioner] that if he plead guilty he would lose his right to appeal denial of his suppression motion, counsel did advise [Petitioner] that all appeals rights would be lost if he opted to plead guilty with the exception of ineffective assistance of counsel, prosecutorial misconduct, and miscalculations pursuant to the sentencing guidelines." (Ex. 8.) The record shows that Petitioner was repeatedly advised that any plea agreement with the Government would require him to waive the right to appeal the suppression issue. Indeed, the Court has reviewed each of the proposed plea agreements that were offered to Petitioner and notes that all of the agreements include a waiver of his appellate rights. Moreover, according to the Plea and Rule 11 Transcript when Petitioner plead on the second day of trial, he agreed that his appellate rights were limited to sentencing issues only. Indeed, the Court specifically cautioned Petitioner at his Plea and Rule 11 Hearing that "[i]f I accept your plea in this case, you waive your right to appeal on the merits of your case; however, you and the government will have the right to appeal whatever sentence the court imposes upon you. Do you understand that?" (Plea and Rule 11 Hearing at 11.) The Petitioner stated that he did understand that he could only appeal the sentence imposed but not the merits of

5

his case. (Id.)[1]

Trial counsel's sworn affirmation that Petitioner was made aware that all deals with the Government required him to waive an appeal of the suppression issue is corroborated by the explicit appellate waivers of the November, January 5th and January 21 plea offers. (Ex. 8-5 ¶ 19, Ex. 8-6 ¶ 19, Ex. 8-8 ¶ 20.) Though Petitioner claims in his verified motion that unlike the plea he accepted, "each new plea offered by the Government would preserve his right to appeal the denial of suppression," (memo at 9), the express terms of the November, January 5th and January 21st plea offers squarely contradict his position. The record which includes copies of the various plea agreements offered to Petitioner contradicts Petitioner's claim. The record compels the conclusion that Petitioner was well aware that he would have to waive his right to appeal the suppression issue if he was interested in pleading pursuant to a plea agreement. Petitioner has not established either prong of the Strickland test and therefore his claim must fail.

Next, Petitioner contends that his counsel was ineffective for failing "to negotiate promptly with the AUSA" and failing "to promptly advise [Petitioner] to plead guilty [by] . . . delaying until

---

[1] Conveniently, Petitioner now contends that "he did not understand the translation" to mean he was waiving the right to appeal the suppression issue. (Motion at 18.) Indeed, Petitioner contends "[a]s it was translated to me and as I understood it, this statement meant I couldn't appeal my guilt of the offense." (Motion at 18.) Because the suppression issue concerned the evidence of Petitioner's guilt, he appears to have properly understood the waiver to preclude his appeal of issues relating to his guilt, as compared to his punishment. Further, "[a] defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely in the defendant's statements made under oath during a properly conducted rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Id. at 221-22. Petitioner has made no showing of the "extraordinary circumstances" necessary for this court to dissect his sworn statement during the rule 11 hearing.

the day of trial to advise [Petitioner] to plead guilty." (Motion at 5.) Petitioner actually alleges that he "was receptive to Mr. Coleman's advice, [and] was prepared to accept a plea agreement when advised one was in his best interest." (Memo at 10.)

Despite Petitioner's claim that trial counsel failed "to negotiate promptly with the AUSA prosecuting the case" (motion at 5), the record demonstrates that Mr. Coleman zealously negotiated with the government for the best possible plea bargain. As a direct result of Mr. Coleman's advocacy, the Government twice revised its position and offered significantly more favorable deals. The Government first offered a plea to Counts One and Three, conspiracy to possess in excess of 5 kilograms of cocaine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime, respectively. (Doc. 8-5.) After consulting with Petitioner, Mr. Coleman made a counter-offer. (Doc. 8, attach. 2.) The Government then offered a plea agreement in which a plea to Count Six – illegal reentry – was substituted for the five-year consecutive mandatory minimum sentence required by Count three – possession of a firearm in furtherance of a drug trafficking crime. (Doc. 8-6.) Trial counsel made further effective use of the plea bargaining system by convincing the Government to accept a plea to only Count One. (Doc. 8-9.) Mr. Coleman's efforts to first get the § 924(c) charge dropped and then the § 1326 charge dropped, demonstrate that trial counsel was highly effective in negotiating promptly with the Government. Moreover, Mr. Coleman's January 2005 correspondence with the Government regarding the need to remove the <u>Apprendi/Blakely</u> waiver further evidences his diligent representation of Petitioner. (Doc. 8-7.)

Next, Petitioner claims that his counsel improperly delayed until the day of trial to advise Petitioner to plead guilty. This assertion is also refuted by the record. Indeed, according to the evidence submitted with counsel's affidavit, counsel advised Petitioner that "as your attorney it is

7

my responsibility to inform you that it is my belief that you would be convicted of the total 6 kilos of cocaine and possibly at least one of the gun charges and entering the country illegally." (Doc. 8, attach 3.)[2] Moreover, approximately one week prior to trial, counsel advised Petitioner of the different sentences he might face if he accepted the plea versus a conviction after trial. Petitioner responded that he would rather go to trial and appeal, if he lost, than to accept a plea because he had "not gotten a good plea." (Ex. 8 attach. 4.) The undersigned has reviewed the record in this case and is satisfied that Mr. Coleman timely and effectively communicated with Petitioner about his case, including the evidence, the proposed plea agreements, Petitioner's chances at trial and the desirability of pleading guilty before trial. Accordingly, Petitioner has not established that his counsel was deficient in his performance as is required under Strickland.

Next, Petitioner argues that his counsel was ineffective at sentencing because he failed to (1) renew his objection to the PSR's omission of the U.S.S.G. § 3E1.1 reduction and (2) to object to the sentencing court's failure to expressly rule on Petitioner's above objection and (3) to advise Petitioner that contesting the foreseeable drug quantity could jeopardize an "acceptance of responsibility" adjustment.

The calculations in Petitioner's PSR did not include a reduction for acceptance of responsibility. Therefore, trial counsel objected to this omission during the May 15, 2006 sentencing hearing. The hearing was continued to July 26, 2006. While counsel did not specifically "renew" this objection at the start of the continued sentencing hearing on July 26, 2006, it was not necessary that he do so, since he had already stated his objection during the first portion of his sentencing

---

[2] The Government contends that this advise occurred on March 14, 2005, almost a full month before the trial, however, the Court notes that there is no date on this exhibit.

hearing on May 15, 2006. Therefore, Petitioner has not established that counsel was deficient for failing to 'renew" this objection.

Next, Petitioner contends that his counsel was ineffective for failing to advise the Court that it had failed to rule on his objection to the PSR's omission of an acceptance of responsibility reduction. Trial counsel objected to the PSR's omission of an acceptance of responsibility reduction at the first sentencing hearing. Petitioner's hearing was continued to allow time for counsel to discuss with Petitioner the ramifications of testifying at sentencing regarding the drug quantity and how that choice could implicate the question of acceptance of responsibility. (May 15, 2006 Transcript of Sentencing at 9-10.) At Petitioner's continued sentencing hearing, on July 26, 2006, the Court did not expressly rule on this objection. Pursuant to counsel's affidavit, he contends that his silence on this issue was not a mistake, but the calculated result of his analysis of the facts including that Petitioner, even after pleading guilty and after sentencing, continued to deny any knowledge of drugs or guns. "Based on the course of actions taken by Mr. Romero-Alarcon and the provisions of USSG § 3E1.1 counsel determined that Mr. Romero-Alarcon had essentially waived any reduction of responsibility." (Calvin Coleman Affidavit, Doc. 8-9.).

Even if this Court assumes deficiency, Petitioner cannot establish prejudice because he can show no probability that the result would have been different due to the fact that he persistently denied his involvement in a drug trafficking conspiracy right up to the time he entered his guilty plea which was not until the second day of trial. Indeed, a guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility. United States v. Harris, 882 F.2d 902, 906 (4th Cir. 1989). The timeliness of a guilty plea is a relevant consideration under § 3E1.1(a). See USSG § 3E1.1, comment n1(h). In this instance, Petitioner pled guilty on the second day of trial

after a jury was selected and the Government had begun its case and put on witnesses. "A last minute guilty plea is not usually evidence of a heart full of remorse." United States v. Ewing, 129 F.3d 430, 436 (7th Cir. 1997) (two-level reduction was properly denied when defendant pled guilty one business day before trial was to begin.)

Based on the timing of Petitioner's guilty plea, the Court would not have granted counsel's objection and given Petitioner a reduction for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Therefore, Petitioner has not established any prejudice for his counsel's failure to advise the Court that it had not explicitly ruled on counsel's objection. Petitioner's claim that his counsel was ineffective for failing to advise the Court that it had not ruled on counsel's objection is denied.

Next, Petitioner contends that his counsel was ineffective for failing to advise him that contesting the drug quantity/base offense level could affect the sentencing court's acceptance of responsibility analysis.

Petitioner's claim is highly incredible because the sentencing hearing was continued for the sole purpose of allowing counsel to advise Petitioner about this point. However, even assuming deficiency, the Petitioner cannot establish prejudice as the Court twice explained in open court that Petitioner's decision to contest the foreseeable drug quantity could affect the court's acceptance of responsibility analysis. On May 15 2006, the Court stated:

> I would like to ask you [Mr. Coleman] to speak to [Petitioner] before he [puts on evidence contesting the drug quantity] about the fact that it might implicate the question of acceptance of responsibility. And I guess you understand how that works. If – if he put on evidence that the court did not find to be credible or reliable or at least sufficient to overcome the evidence presented in the presentence report or otherwise by the government, that the government would likely argue that he should not be given acceptance of responsibility.

(May 15. 2006 Sentencing Transcript at 9.) During the continued sentencing hearing, the Court

again on th record, indicated that contesting the foreseeability of 6 kilograms of cocaine could affect the Court's acceptance of responsibility analysis.

> All right. Now, is – we essentially allowed the earlier sentencing proceeding to be continued to give defense counsel an opportunity to go over the – to go over with the defendant the question of whether to put on evidence of nonresponsibility for six kilos in view of the fact that the government might possibly then argue that an unsuccessful effort could lead to a denial of acceptance of responsibility.

Therefore, even if the Court assumes deficiency, Petitioner was not prejudiced as the Court explained to Petitioner that his decision regarding whether he contested the drug quantity/base offense level could affect the sentencing court's acceptance of responsibility analysis. Petitioner has not established any other facts or evidence in support of this claim and he has not established that he was prejudiced by counsel's alleged failure to advise him that contesting the drug quantity/base offense level could affect the sentencing court's acceptance of responsibility analysis. Therefore, Petitioner's claim is denied.

Ineffective Assistance of Appellate Counsel

Finally, Petitioner contends that his appellate counsel was ineffective. A criminal defendant's right to effective assistance of counsel also extends to the direct appeal of a criminal conviction and requires the same showing of deficient performance and prejudice. See Evitts v. Lucey, 469 U.S. 387, 396 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000).

Specifically, Petitioner contends that his appellate counsel, Victoria Jayne, filed a frivolous appeal brief where several arguable issues were available and failed to secure a transcript of Petitioner's May 15, 2006 sentencing hearing which disclosed appealable issues.

Ms. Jayne filed a brief in support of Petitioner's appeal on March 30, 2007 in which she raised one issue challenging the Court's denial of Petitioner's suppression motion. In response, the

11

Government filed a motion to dismiss the appeal based on Tollett v. Henderson, 411 U.S. 258 (1973). Ms. Jayne then filed a response arguing that the appellate court should consider Petitioner's suppression issue even though his plea did not preserve his right to appeal the adverse ruling on his motion to suppress. The Fourth Circuit granted the Government's motion to dismiss the appeal. In her affidavit, Ms. Jayne states that she reviewed Petitioner's case, noted that Petitioner had not entered a conditional plea, and briefed the suppression issues – the only issue she deemed appropriate for appeal. (Victoria Jayne Affidavit, Doc. 8-10.)

Petitioner argues that his appellate counsel was ineffective for filing a frivolous appeal where several arguable issues were available. Petitioner argues that counsel could have raised on appeal the fact that the sentencing judge did not specifically rule on trial counsel's objection that the PSR did not include a reduction for acceptance of responsibility. Under a plain error review, appellate counsel must prove that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings, warranting the exercise of Fourth Circuit's discretion to correct the error. See United States v. Olano, 507 U.S. 725, 732 (1993). Here, Petitioner's trial counsel did not bring this issue to the sentencing court's attention therefore, the plain error standard is appropriate. However, the Court notes that Petitioner is not entitled to relief because while the sentencing court did not explicitly rule on Petitioner's objection, it is apparent that the court impliedly ruled on the objection given that the Court was aware of Petitioner's counsel's objection and, notwithstanding that objection, adopted the calculations in the PSR in their entirety. Further, the Court's implicit ruling was not unreasonable in light of the timing of Petitioner's plea on the second day of trial after the Government put on witnesses. Indeed, as previously stated, (1) a guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility, United States v. Harris, 882 F.2d

12

902, 906 (4th Cir. 1989), and (2) the timeliness of a guilty plea is a relevant consideration under § 3E1.1(a). See USSG § 3E1.1, comment n1(h). In this instance, Petitioner pled guilty on the second day of trial after a jury was selected and the Government had begun its case and put on witnesses. "A last minute guilty plea is not usually evidence of a heart full of remorse." United States v. Ewing, 129 F.3d 430, 436 (7th Cir. 1997) (two-level reduction was properly denied when defendant pled guilty one business day before trial was to begin.)

Petitioner also argues that his appellate counsel could have challenged the base offense level applied by the district court. To establish that appellate counsel's failure to appeal the base offense level was prejudicial, Petitioner must establish a reasonable probability that an appeal of this issue would have led to a different outcome. Petitioner offers no argument or supporting facts as to how or why the district court's base offense level calculation was error. Nor has Petitioner offered any evidence to undermine the Government's evidence at sentencing that 6 kilograms was reasonably foreseeable to Petitioner. Accordingly, Petitioner has not established the prejudice prong of the Strickland test.

Finally, Petitioner's claim that appellate counsel was prejudiced by appellate counsel's failure to obtain the May 15, 2006 sentencing hearing transcript is patently frivolous. Petitioner contends that this oversight led appellate counsel to overlook the district court's Rule 32(i)(3)(B) error. However, as already noted, there can be no prejudice in appellate counsel's failure to detect a Rule 32(i)(3)(B) error because there was no prejudice in failing to appeal the same.

Petitioner has not established his burden pursuant to Strickland with respect to his ineffective assistance of counsel claims. Therefore his claims of ineffective assistance of trial and appellate counsel must fail.

13

III. CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 9) is **GRANTED;**

2. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED and DISMISSED;**

3. Petitioner's Motion for an Evidentiary Hearing (Doc. No. 14) and Motion for Discovery (Doc. No. 3) are denied as moot.

**SO ORDERED.**

Signed: October 6, 2009

Frank D. Whitney
United States District Judge